FRANK RATZ, INDIVIDUALLY AND AS NEXT FRIEND OF FRANK RATZ, AN INFANT, RESPONDENTS, v. HILLSIDE BUS OWNERS' ASSOCIATION, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. Objections that a verdict is against the weight of evidence, or that the damages are excessive or inadequate, are not cognizable in an appellate tribunal, but only on rule to show cause in the trial court.
2. The only matters that may properly be considered in an appellate tribunal are errors alleged to have been committed by the judge during the trial of the cause.
3. A suit must be brought and carried on in the name of an infant by A. B., his next friend, and not by A. B. as next friend of the infant; the cause for action is the infant's and not the next friend's.

On appeal from the Supreme Court.

For the appellant, *Alfonso Bivona.*

For the respondents, *Alexander M. MacLeod* and *George L. Record.*

PER CURIAM.

The plaintiffs sued in the Supreme Court to recover damages for personal injuries to the infant plaintiff, and loss of his services, &c., to his father and next friend, the adult plaintiff, alleged to have been occasioned by negligence attributable to the defendant. They had judgment, the infant son for $7,500, and the father, the adult, for $1,000. The case was tried before the late Judge Cutler and a jury at Hudson Circuit. Defendant appeals to this court. The suit is improperly brought on behalf of the infant. The summons and complaint are brought by "Frank Ratz, individually, and as next friend of Frank Ratz," &c. The cause of action for injuries to the infant was his and not his next friend's, and should have been brought in his name by his

next friend, thus: Frank Ratz, an infant, by Frank Ratz, his next friend. However, this is formal and technical, and as it was not objected to by the defendant (which, doubtless, would only have resulted in amendment), it was waived. An action must be brought and carried on in the name of the infant, by his next friend. *Longstreet* v. *Tilton,* 1 *N. J. L.* 38.

The grounds of appeal, which are stated as though they were reasons on a rule to show cause, instead of causes of appeal for the reversal of a judgment, contain two grounds which are only available on rule to show cause before the trial court, and cannot be examined or decided by a court of appeals. The grounds of appeal seem to indicate that there was a rule to show cause why the verdict should not be set aside, as they are directed to the verdict and not the judgment, which is heightened by the following entry in the index to the state of the case: "On rule to show cause," which being examined is no rule to show cause whatever, but is an order extending the time within which grounds of appeal may be served upon the adversary party. An examination of the original files, both in this court and in the Supreme Court, discloses that no rule to show cause was granted in this case.

The grounds of appeal are—(1) the court permitted counsel for plaintiff to ask certain questions of the jurors before they were sworn (detailing the questions); (2) the court erred in refusing to grant a mistrial on the ground that the questions were admitted; (3) the court permitted a certain witness to answer a certain question (stating it); (4) the verdict was contrary to the weight of evidence; (5) there was no evidence to support the verdict, and (6) the damages awarded by the jury are excessive.

1. The first point argued is that the court permitted counsel for plaintiff to ask the following question of the jurors before they were sworn: "*Q.* Mr. Foreman, do you know Mr. MacLeod, who is going to try this case against me?" Mr. MacLeod objected to the question upon the ground that it made no difference whatever whether the juror knew him or not. The court admitted the question, but it was not an-

swered. Therefore, no harm came to the defendant from its being asked; besides, the objection was perfectly good. The fact that a juror is acquainted with or knows any counsel in a cause is obviously not a ground for challenge.

Under point one the defendant also argues the third ground of appeal, namely, that the court erred in permitting the witness Richard Muh to answer the following question: *"Q.* Whereabouts on Bergenfield avenue did you find this bus?" The question was objected to on the ground that there was no proper foundation for it. The judge ruled that if counsel did not "connect it up" he would strike it out. There was no subsequent "connecting up" of this testimony, nor was it struck out. But it is not perceived how the answer as to where the witness saw the bus on the avenue could possibly have prejudiced the defendant in its substantial rights; and it is only for such prejudice that a judgment may be reversed. See the Practice act (1912), *Pamph. L., p. 377, § 27.*

2. The second point argued for the appellant was, that the infant plaintiff was guilty of contributory negligence; but this was not assigned as a ground of appeal, and, therefore, is not before us for consideration. See *Lutlopp* v. *Heckman,* 70 *N. J. L.* 272; *Axel* v. *Kraemer,* 75 *Id.* 688.

3. The third point argued is, that the verdict was against the weight of the evidence (ground of appeal No. 4). The fourth and last point is, that the damages awarded by the jury are excessive (sixth ground of appeal). These two last grounds of appeal are not cognizable in this court. The fifth ground of appeal, that there was no evidence to support the verdict of the jury, which is cognizable in this court, was not argued at all. The brief for appellant concludes on the score of the verdict being against the weight of evidence: "We submit, therefore, that the overwhelming weight of the evidence of those who saw the accident supports the defendant's position that no negligence was attributable to the driver of the defendant's bus." Thus conceding that there is some evidence going to establish defendant's negligence.

That this court has no jurisdiction to reverse a judgment because the verdict is not supported by the weight of the evidence or that the damages are excessive, has been decided

over and over again. In fact, so often has it been decided that the courts, latterly, in adjudicating the question, rather deem it a work of supererogation to cite authorities to support the position.

In *Van Sciver* v. *Public Service Railway Co., 96 N. J. L.* 13, the Supreme Court, *per* Chief Justice Gummere, held (at *p.* 14) : "The first and second grounds of appeal submitted by the appellant are (1) that the verdict was against the weight of the evidence, and (2) that the sum awarded was entirely inadequate to compensate the plaintiff for his loss. It is enough to say, in disposing of these two matters, that they cannot be considered by an appellate tribunal; the only matters properly coming before it for determination are alleged errors committed by the court during the trial of the cause." And in *Bozza* v. *Leonardis, 3 N. J. Mis. R.* 1186, the Supreme Court held, *per curiam* (at *p.* 1187) : "The first ground is that the verdict of the jury was against the weight of the evidence. This ground cannot be considered on an appeal. We have nothing to do with the weight of the evidence."

The judgment under review herein must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.